UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rateek Allah, *a/k/a Lincoln Moody, a/k/a Jose, a/k/a Antonio Espinoza*,<br><br>Petitioner,<br><br>vs.<br><br>Federal Bureau of Prisons Director; Warden of FCI Estill,<br><br>Respondents. | C/A No. 9:16-2665-BHH-BM<br><br><br>**REPORT AND RECOMMENDATION** |

The pro se Petitioner, Rateek Allah[1] filed this action in the United States District Court for the District of Columbia, which characterized this action as an application for writ of habeas corpus and transferred the case to this Court because Petitioner was confined in South Carolina. See ECF No. 3. At the time Petitioner filed this action, he was incarcerated at the Federal Correctional Institution in Estill, South Carolina (FCI-Estill).[2] Although Petitioner titled his handwritten submission a "1331 Complaint," he requests release from incarceration, and specifically

---

[1]Petitioner is also known as Lincoln Moody, Jose, and Antonio Espinoza. See United States v. Moody, 201 F. App'x 704 (11th Cir. 2006).

[2]After the filing of this action, Petitioner was transferred from FCI-Estill and is currently incarcerated in Florida. See Allah v. Hensley, No. 9:16-459-BHH-BM (D.S.C.), Change of Address, ECF No. 22. The BOP's website also indicates that Petitioner is housed at Coleman I USP in Florida. See https://www.bop.gov/inmateloc/ (last visited Sept. 7, 2016). The Court may take judicial notice of factual information located in postings on government web sites. See Tisdale v. South Carolina Highway Patrol, C/A No. 0:09–1009–HFF–PJG, 2009 WL 1491409, *1 n. 1 (D.S.C. May 27, 2009), aff'd 347 F. App'x 965 (4th Cir. Aug. 27, 2009); In re Katrina Canal Breaches Consolidated Litigation, No. 05–4182, 2008 WL 4185869 at * 2 (E.D.La. September 8, 2008)[noting that courts may take judicial notice of governmental websites including other courts' records]; Williams v. Long, 585 F.Supp.2d 679, 687–88 (D.Md. 2008)[noting that some courts have found postings on government web sites as inherently authentic or self-authenticating].



states that he is not requesting any money. Petition, ECF No. 1 at 1, 5. Thus, it appears that this action should be characterized as an application for writ of habeas corpus (Petition).[3]

Under established local procedure in this judicial district, a careful review has been made of the pro se petition pursuant to the procedural provisions of the Rules Governing Section 2254 Proceedings in the United States District Court,[4] 28 U.S.C. § 2254; the Anti–Terrorism and Effective Death Penalty Act (AEDPA) of 1996; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir.1995); and Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983). Pro se petitions are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). However, even when considered under this less stringent standard, for the reasons set forth hereinbelow the petition submitted in the instant case is subject to summary dismissal, as the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Dep't of Soc. Serve., 901 F.2d 387 (4th Cir. 1990).

---

[3]Release from prison is not a form of relief that can be granted in a case under 42 U.S.C. § 1983 or Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397, (1971) case. See Heck v. Humphrey, 512 U.S. 477, 481 (1994)["[r]elease from prison is not a remedy available under 42 U.S.C. § 1983"],citing Preiser v. Rodriguez, 411 U.S. 475 (1973)); see also Glaus v. Anderson, 408 F.3d 382, 387 (7th Cir. 2005)[release not available under Bivens].

[4]See Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts [the district court may apply any or all of these rules to a habeas corpus petition not filed pursuant to 28 U.S.C. § 2254].

2

## Discussion

Petitioner writes that he was indicted in federal court in Palm Beach County, Florida for possession of cocaine in 2005; was found guilty in a bench trial; and was sentenced as a career offender to seventeen and a half years imprisonment for possession of five grams of powder cocaine.[5] Petitioner states that he was diagnosed with HIV in 2000 and AIDS in 2003, and requests a compassionate release or reduction in sentence (RIS). In July of 2013, after falling inside the Special Housing Unit, Petitioner was sent to a local hospital. A brain MRI indicated that Petitioner had acquired an opportunistic brain infection, and he was informed that he had only three to six months to live and would never walk again. Petitioner states that thereafter he was sent to Springfield Federal Medical Center in Springfield, Missouri, at which time a doctor told him his life expectancy was only eighteen months.

Petitioner claims that the BOP is incompetent to care for him,[6] and that he filed for a compassionate release with the Warden of Springfield Medical Center, but the doctor allegedly changed the prior prediction (of eighteen months) and stated that Petitioner has three to five years

---

[5]More specifically, Petitioner was found guilty of distributing a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C), and on January 27, 2006 was sentenced as a career offender to 210 months in prison, followed by three years of supervised release. See Moody v. United States, Nos. 07-80319-CIV, 05-80121-CR, 2008 WL 704421, *7-8. (S.D.Fla. Jan. 29, 2008). On October 20, 2006, the Eleventh Circuit affirmed Petitioner's sentence. United States v. Moody, 201 F. App'x 704 (11th Cir. 2006). The Southern District of Florida denied Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 on January 29, 2008. Moody v. United States, 2008 WL 704421, at *6.

[6]Petitioner sets forth somewhat conflicting statements concerning his medical care. He states he did not take any HIV medications prior to his incarceration, and that he has not taken any HIV medications during his incarceration due to disagreements with medical staff. He also states that the BOP cannot "keep" him with proper HIV medications and that the BOP "makes him" immune to the medicine. However, he also asserts that he was told there is only one more medication that will work on his HIV, implying that he has taken other medications. See ECF No. 1 at 1, 3.



3

to live. Petitioner also asserts that his request for compassionate release was denied by the Central Office because they incorrectly determined that Petitioner was not using a wheelchair (Petitioner claims he has been using a wheelchair for two and one-half years). See generally, Petition.

This case is subject to summary dismissal because "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7 (1979); see also Meachum v. Farno, 427 U.S. 215, 225 (1976). Further, it is well settled that the BOP has broad discretion in assessing whether a RIS or compassionate release is warranted and, in light of such discretion, most courts have found that "the BOP's decision regarding whether or not to file a motion for compassionate release is judicially unreviewable." Crowe v. United States, 430 F. App'x 484, 485 (6th Cir. 2011); Simmons v. Christensen, 894 F.2d 1041, 1043 (9th Cir. 1990); Turner v. U.S. Parole Comm'n, 810 F.2d 612, 615 (7th Cir. 1987); see also Fernandez v. United States, 941 F.2d 1488, 1493 (11th Cir. 1991); Jarvis v. Stansberry, 2008 WL 5337908 (E.D.Va. Dec. 18, 2008)[noting that the Fourth Circuit has not ruled on this issue, but recognizing that other circuits have found the BOP's decisions on compassionate release to be unreviewable].

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a federal court may not modify a term of imprisonment once it has been imposed except that—

> (A) the court upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction ...



4

18 U.S.C. § 3582(c)(1)(A). BOP Program Statement 5050.49 provides that the BOP will consider a request for a RIS where an inmate suffers from a terminal medical condition or a debilitated medical condition. It provides, in pertinent part:

> The criteria for a reduction in sentence (RIS) request may include the following:
>
> > a. Terminal Medical Condition. RIS consideration may be given to inmates who have been diagnosed with a terminal, incurable disease and whose life expectancy is eighteen (18) months or less. The BOP's consideration should include assessment of the primary (terminal) disease, prognosis, impact of other serious medical conditions of the inmate, and degree of functional impairment (if any). Functional impairment (e.g., limitations on activities of daily living such as feeding and dressing oneself) is not required for inmates diagnosed with terminal medical conditions; however, functional impairment may be a factor when considering the inmate's ability to inability to reoffend.
> >
> > b. Debilitated Medical Condition. RIS consideration may also be given to inmates who have an incurable, progressive illness or who have suffered a debilitating injury from which they will not recover. The BOP should consider a RIS if the inmate is:
> >
> > > • Completely disabled, meaning the inmate cannot carry on any self-care and is totally confined to a bed or chair; or
> > >
> > > • Capable of only limited self-care and is confined to a bed or chair more than 50% of waking hours.

BOP Program Statement 5050.49, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), at 3.[7] Additionally, the BOP considers additional factors concerning the inmate's offense, criminal history, comments from victims, institutional adjustment, disciplinary infractions, personal history derived from the PSR, length of sentence, amount of time served, inmate's age at time of offense and sentencing, age, release plans,

---

[7]This policy is available at https://www.bop.gov/PublicInfo/execute/policysearch?todo=query (last visited Sept. 8, 2016).



5

and overall whether the inmate's release would pose a danger to the safety of others. See id. at 10.

Petitioner has not asserted that the Director of the BOP has approved his RIS request or that the BOP has made a motion to reduce his term of imprisonment. Thus, Petitioner may not seek review of the BOP's decision. See 18 U.S.C. § 3582(c)(1)(A); United States v. Powell, No. 02–35935, 2003 WL 21418427, at *1 (9th Cir. June 9, 2003); Glowka v. Zeigler, 2014 WL 37087, at *4 (S.D.W.Va., Jan. 6, 2014); Shemami v. Revell, No. 5:12–HC–2133–FL, 2013 WL 1164510, at *2 (E.D.N.C. Mar. 20, 2013) ["Courts consistently have denied motions seeking compassionate release unless they are filed by the Director of the BOP."], aff'd, 541 F. App'x 261 (4th Cir. Oct. 2, 2013) Slate v. United States, 2009 WL 1073640, at *3 (S.D.W.Va., Apr. 21, 2009) ["Absent a motion from the BOP, the Court lacks authority to grant compassionate release."].

Further, it does not appear that this Court even has jurisdiction over this issue because Petitioner was sentenced in the Southern District of Florida, not this Court. Courts have found that a non-sentencing court does not have jurisdiction in such cases because only a sentencing court can allow a sentence reduction/compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which means that the process must be undertaken in the district court where the prisoner was sentenced. See Caudill v. Hickey, No. 12-CV-7-KKC, 2012 WL 2524234, *2 (E.D. Ky. June 29, 2012)[holding that compassionate release must be requested in and ordered by the trial court]; Quaco v. Ebbert, No. 1:CV-12-117, 2012 WL 1598136, at *2 (M. D. Pa. May 7, 2012)[finding that a § 2241 petition was not the proper vehicle for obtaining a compassionate release because it is typically pursued in the sentencing court]; Smoke v. United States, No. 09-2050 (JRT/AJB), 2009 WL 5030770, at *4 (D. Minn. Dec. 14, 2009)[same]. Indeed, the undersigned notes that Petitioner filed a petition pursuant to 28 U.S.C. § 2241 in the Middle District of Florida on the same day that this Petition was

6

transferred to this Court. In that Florida petition (which also lists his address as Colman USP I), he also requests a compassionate release. See Allah v. Jarvis, No. 5:16-W-493-WTH-PRL (M.D.Fla.).

Thus, to the extent that this action is filed pursuant to § 2241, it also does not appear that this Court should consider the present Petition as Petitioner is now confined in the Middle District of Florida and has filed a similar petition there.[8]

## RECOMMENDATION

Accordingly, it is recommended that the Petition in this action be dismissed without prejudice and without requiring Respondents to file a return.

Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

September 12, 2016
Charleston, South Carolina

---

[8] 28 U.S.C. § 2241 grants federal courts the power to grant writs of habeas corpus in "the district wherein the restraint complained of is had."§ 2241(a). The "district court properly exercises jurisdiction over a habeas petition whenever it has jurisdiction over the petitioner's custodian." United States v. Poole, 531 F.3d 263, 271 (4th Cir. 2008).

7



## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

